UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ELMER BRYANT,                )
                             )
        Petitioner,           )
                             )
    v.                        )        CAUSE NO. 3:18-CV-355-JD-MGG
                             )
WARDEN,                      )
                             )
        Respondent.           )

OPINION AND ORDER

Elmer Bryant, a prisoner without a lawyer, filed a petition under 28 U.S.C. § 2254 challenging his prison disciplinary case IYC 16-11-0098. The Warden filed a motion to dismiss Bryant's petition on September 27, 2018. Bryant filed a response to the motion on October 5, 2018.

On January 27, 2017, a Disciplinary Hearing Officer (DHO) found Bryant guilty of assaulting staff in violation of Indiana Department of Correction (IDOC) Policy A-117. ECF 23-7. As a result, he was sanctioned with 360 days of disciplinary segregation, a transfer to a more secure facility, 45 days of suspended privileges, and payment of restitution. *Id.* However, for some unknown reason, Bryant also lost a credit class as a result of the guilty finding in IYC 16-11-0098. ECF 23-11 at 12-13. Once this error was discovered, the IDOC corrected it and Bryant no longer has a loss of credit class as a result of the guilty finding. ECF 23-12 at 1-8. The IDOC also restored Bryant's lost earned credit time, which resulted from the loss of credit class. *Id.* Thus, Bryant did not

lose a credit class or earned credit time as a result of the disciplinary hearing in IYC 16-11-0098.

The Warden now moves to dismiss Bryant's petition on the basis that he did not suffer any grievous loss which would impact the length of his sentence and is therefore not entitled to habeas corpus relief. ECF 23 at 1-3. Bryant agrees this case should be dismissed and acknowledges the IDOC has corrected its mistake by removing the erroneous sanctions—loss of credit class and loss of earned credit time—from his record. ECF 25 at 1-2. Thus, he asks the court to dismiss his case.

A prison disciplinary hearing can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Here, because the disciplinary action has not resulted in the lengthening of the duration of Bryant's confinement, habeas corpus relief is not available. Because there is no relief that he can obtain in this habeas corpus proceeding, the petition will be denied.

For these reasons, the Warden's motion to dismiss (ECF 23) is GRANTED and Bryant's petition (ECF 1) is DENIED. The Clerk is directed to CLOSE the case.

SO ORDERED on October 15, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT